UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-908-SRC |
| | ) | |
| THE STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of *pro se* plaintiff Rhonda Frazier for leave to proceed *in forma pauperis*. The Court has reviewed the motion and the financial information provided therein, and has determined that plaintiff is unable to pay the filing fee. The Court therefore grants the motion. Additionally, for the reasons discussed below, the Court dismisses this action, without prejudice.

**I.    Background**

Plaintiff did not prepare the complaint using a Court-provided form, as required by the Local Rules of this Court. *See* E.D.Mo. L.R. 2.06(A). Instead, she submitted a typewritten complaint of her own creation, titled "Freedom of Information Act/Privacy Act Title 5 U.S.C. § 552, 552a." Doc. 1 at p. 1. Plaintiff indicates she is a Missouri resident, and she identifies the defendants as follows:

1. The State of Alabama;
2. Montgomery, AL Police Dept.;
3. Montgomery, AL Jackson Hospital;
4. Montgomery, AL Care Ambulance;
5. Lincoln Heritage Life Insurance, Phoenix, Az.

*Id.* Plaintiff avers this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5

U.S.C. § 552a(g)(1)(D).  The events giving rise to this action began in July of 2022, after Plaintiff was notified that her brother, an Alabama resident, suffered a fatal heart attack.  After traveling to Alabama, Plaintiff began questioning the circumstances of her brother's death, and matters related to an insurance policy.

Citing the federal Freedom of Information Act (also "FOIA") and the Privacy Act of 1974 ("Privacy Act"), Plaintiff states she brings this action against the defendants to obtain records related to her brother's death and the insurance policy.  In a section of the complaint titled "Constitutional Violations," Plaintiff writes:

> 1. Fourth Amendment-seizure characterized by the intrusive or lengthy nature of Terrance body.
> 2. Fifth Amendment- Due Process Clause
> 3. Sixth Amendment- Notice and Opportunity to be heard
>
> Ground One: 552a(e)(5)- Named defendants did not assure fairness to Plaintiff when making any determinations about Plaintiff's brother with such accuracy, relevance, timeliness and completeness . . .
>
> Ground Two: 552a(g)(1)(C)- Named defendants did not assure fairness in any determination relating to the qualification, character, rights, or opportunity of, benefits to the Plaintiff that may be made concerning my brother's death on the basis of such records, and consequently determination is made which is adverse to the Plaintiff . . .".

*Id.* at 3.

Included with the complaint are copies of requests for information plaintiff submitted to the Montgomery Police, Jackson Hospital, Care Ambulance, and Lincoln Heritage Life Insurance.  The requests are titled "Freedom of Information/Privacy Act Request," and they state they seek information "[p]ursuant to Title 5, United States Code, Section 552, 552a."  Doc. 1 at pp. 9, 11, 13, 15.

## II.     Standard

This Court is required to review a complaint filed *in forma pauperis* and must dismiss it if

2

it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal courts liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

III.   **Discussion**

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it fails to state a claim upon which relief may be granted against the named defendants, and is therefore subject to dismissal.  Clearly, Plaintiff seeks to bring claims against the named defendants pursuant to the federal Freedom of Information Act and Privacy Act.  However, both the FOIA and the Privacy Act apply exclusively to federal agencies.  *See* 5 U.S.C. § 552(f) (defining "agency" for purposes of the FOIA as an agency of the federal government); 5 U.S.C. § 552a(a) (defining "agency" for purposes of the Privacy Act by referencing the FOIA); *Mace v.*

3

*U.S. E.E.O.C.*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (citing cases and noting that the "FOIA applies only to records held by a federal government agency"); *Spurlock v. Ashley County*, 281 F. App'x 628 (8th Cir. 2008) (noting that the Privacy Act applies exclusively to federal agencies). Not one of the named defendants is an "agency" as defined in the applicable statutes. Therefore, the complaint fails to state a valid FOIA or Privacy Act claim against any of the named defendants.

Plaintiff briefly references the Fourth, Fifth, and Sixth Amendments to the United States Constitution. Doc. 1 at p. 3. However, the complaint pleads no facts permitting the inference that a defendant acting under color of state law violated a plaintiff's constitutional rights, as necessary to state a plausible claim under 42 U.S.C. § 1983. Additionally, plaintiff does not aver, nor is it apparent, that this Court would be the proper venue for Section 1983 claims against these defendants based upon the events described in the complaint.

The Court can envision no amendment to the complaint that would remedy the foregoing deficiencies. Therefore, the Court concludes that the complaint fails to state a claim upon which relief may be granted, and will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV.     Conclusion**

Accordingly, The Court grants plaintiff's [2] Motion for Leave to Proceed *in forma pauperis*. Further, the Court dismisses this case without prejudice. The Court will enter a separate order of dismissal. The Court certifies that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of October, 2022.

4

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE